IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, DAN BREJC, TOBY KOTH, and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND,**<br><br>and<br><br>**MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, VERN BAUMAN, and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND,**<br><br>Plaintiffs,<br><br>v.<br><br>**NEPTUNE CONSTRUCTION COMPANY, INC.,**<br><br>Defendant. | ) FILED: AUGUST 21, 2008<br>) 08CV4769<br>) JUDGE GUZMAN<br>) MAGISTRATE JUDGE BROWN<br>) BR<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>) Judge<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs Mike Shales, John Bryan Sr., Al Orosz, Dan Brejc, Toby Koth, and Vern Bauman as Trustees of the Fox Valley Laborers' Health and Welfare Fund ("Welfare Fund"), and Mike Shales, John Bryan Sr., Al Orosz, Toby Koth, Vern Bauman, and Dan Brejc as Trustees of the Fox Valley Laborers' Pension Fund ("Pension Fund"), through their attorneys Dowd, Bloch & Bennett, by way of its complaint against Defendant Neptune Construction Company, Inc., state:

### FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS

1.  The Welfare Fund and Pension Fund (collectively, "Funds") are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income

1

Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district.

2. Defendant Neptune Construction Company, Inc., (hereinafter "Defendant Company"), is an Illinois corporation registered to do business in the state. At all relevant times, Defendant Company was doing business within this district and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5) and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a)

3. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a) and (c).

4. The Construction and General Laborers' District Council of Chicago and Vicinity ("District Council") is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

5. The District Council and Defendant Company are now and at all relevant times have been parties to successive collective bargaining agreements (herein "Agreement") which, among other things, obligate the Defendant Company to make monthly contributions to the Funds on behalf of employees covered by the Agreement for health and welfare and pension benefits; the Agreement also requires Defendant Company to submit monthly remittance reports in which the Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds on behalf of each covered employee.

6. Pursuant to the Agreement, Defendant Company must also pay contributions for

each hour worked by its employees to the Funds.  Defendant Company is required to remit contributions to the Funds along with a remittance report.  Employers who fail to report and/or remit contributions are liable for interest on the delinquent contributions, an additional 20% in liquidated damages once a lawsuit is filed, and all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

7. Notwithstanding its obligations under the Agreement, Defendant Company has failed to pay contributions owed to the Funds from May 2008 to the present, thereby depriving the Funds of contributions, income and information needed to administer the Funds, and jeopardizing the welfare and pension benefits of participants and beneficiaries.

8. Despite demand duly made, Defendant Company has not paid the required contributions or other sums due, which include liquidated damages related to Defendant Company's February through April 2008 contributions.

9. All conditions precedent to requiring remittance of reports, contributions, and other sums to the Funds have been met.

10. The Company's failure to make timely reports and contributions violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

11. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' and Affiliated Organizations' governing trust documents, Defendant Company is liable to the Funds for unpaid contributions, interest, liquidated damages in the amount of 20%, prior liquidated damages, and reasonable attorneys' fees and court costs incurred prior to and through the filing of this lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request judgment against Neptune Construction Company, Inc., as follows:

1. Finding that Neptune Construction Company, Inc., violated the Agreement;

2. Finding that Neptune Construction Company, Inc., is liable to the Funds for all unpaid contributions incurred prior to and after the filing of this suit plus interest, liquidated damages, and attorneys' fees and court costs incurred prior to and through the filing of this lawsuit;

3. Ordering Neptune Construction Company, Inc., to pay to Plaintiffs all unpaid contributions incurred prior to and after the filing of this suit plus interest, liquidated damages, and attorneys' fees and court costs incurred prior to and through the filing of this lawsuit;

4. Ordering Neptune Construction Company, Inc., to pay to Plaintiffs all court costs and reasonable attorneys' fees incurred for filing this suit; and

5. Granting all such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

s/Steven W. Jados
Steven W. Jados
One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
**DOWD, BLOCH & BENNETT**
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361